IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN FONTINHA | § | |
| | § | |
| Individually and on behalf of other similarly situated individuals, | § § § | |
| | § | |
| Plaintiffs, | § § | |
| v. | § | C.A. NO. |
| | § § | |
| TEXMASTERS EXPRESS INC. DBA TEXMASTERS EXPRESS MEDICAL COURIERS | § § § § | |
| Defendant. | § § | |

## COMPLAINT

Plaintiff John Fontinha, individually and on behalf of himself and other similarly situated individuals, complaining of Defendant Texmasters Express, Inc. dba Texmasters Express Medical Couriers (collectively referred to as "Defendant"), would show as follows:

### Parties

1. Plaintiff and other individuals similarly situated are or have been employed by Defendant.

2. Texmasters is a corporation and may be served through any officer or registered agent at 824 Avenue H East 200, Arlington, Texas 76011, and may also be served through its registered agent for service of process in Texas, Stephen C. Moore, at the same location.

## Jurisdiction and Venue

3. Subject matter jurisdiction of this Court over this action exists under 28 U.S.C. §1331 based on Plaintiffs' federal claim under 29 U.S.C. §201 et seq., the Fair Labor Standards Act (the "FLSA"). Venue is proper.

## Facts

4. Defendant operates a medical courier service in particular services in various cities throughout Texas but not outside Texas.

5. Plaintiff and other individuals similarly situated were or are employed by Defendant as nonexempt regular full-time employees performing responsibilities of courier drivers exclusively within Texas.

6. Plaintiff and other individuals similarly situated were or are employed by Defendant without being paid the minimum wage of $7.25 required under the FLSA.

7. Plaintiff and other individuals similarly situated were or are employed by Defendant may also or may not have been paid overtime compensation for hours worked any particular week over 40.

8. Plaintiff and other individuals similarly situated were or are employed by Defendant under a requirement that they pay for their own expenses of transportation and are reimbursed only on a delayed basis by Defendant.

## Causes of Action

9. For first cause of action, Plaintiff and other individuals similarly situated would show that Defendant is liable under Section 216(b) of the FLSA for minimum wages due but not paid in violation of Section 207(a)(1) of the FLSA, liquidated damages, prejudgment interest and attorneys' fees and expenses and costs of court.

10. For second cause of action, Plaintiff and other individuals similarly situated would show that Defendant is liable under Section 216(b) of the FLSA for overtime compensation due but not paid in violation of Section 207(a)(1) of the FLSA, liquidated damages, prejudgment interest and attorneys' fees and expenses and costs of court.

11. Plaintiff and other similarly situated individuals are entitled to recover damages not only for the period of the otherwise applicable statutes of limitation, but for the entire period specified in paragraphs 4 through 8, as the conduct of Defendant continued over time, and Plaintiff and other similarly situated individuals reasonably have feared or continue to fear reprisal for complaining about such requirements and it would have been unreasonable to expect Plaintiff to sue separately on each instance of actionable conduct. Further, Defendant and sought to hide the fact that its conduct was actionable.

## Representative Action Allegations

12. With respect to the cause of action referred to in paragraph 9, this civil action is maintainable as a representative action pursuant to Section 216(b) of the FLSA because Plaintiff is similarly situated to others who were subject to the conduct of Defendant referred to in paragraphs 4 through 8, and who, upon the giving of notice, are entitled to intervene as plaintiffs to seek the relief to which they are entitled based on the cause of action referred to in paragraph 9.

13. Pursuant to 29 U.S.C. §216(b), Plaintiff and, in addition, certain other individuals who have been employed by Defendant, have filed or will file consents with respect to their claims under the FLSA.

14. Plaintiffs demand a jury.

WHEREFORE, Plaintiffs pray for all relief to which they are entitled.

Respectfully submitted,

/s/ Robert E. Goodman, Jr.
Robert E. Goodman, Jr.
State Bar No. 08158100
Kilgore & Kilgore PLLC
3019 Carlisle Street
Dallas, Texas 75204
(214) 379-0831
(214) 379-0840 (telecopy)

Gennaro Duterroil
State Bar No. 24068093
18756 Stone Oak Pkwy., Suite 200
San Antonio, TX 78258-4001

COUNSEL FOR PLAINTIFFS